### (92 South. 705)

### No. 23387.

### PITRE v. SACKER.

### (June 23, 1922.)

*(Syllabus by Editorial Staff.)*

Appeal and error ⚖═➤1011(1)—Finding on conflicting evidence not disturbed.

On conflicting evidence in an action for slander as to whether defendant called plaintiff a nigger or half-breed nigger, the finding of the district judge that there was no preponderance of the evidence in favor of plaintiff *held* not to be disturbed.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Walter Pitre against Lewis Sacker. From a judgment for defendant, plaintiff appeals. Affirmed.

Charles D. Caffery, of Lafayette, for appellant.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. Plaintiff has appealed from a judgment rejecting his demand for $5,000 damages for an alleged slander. He is of the Caucasian race, of Acadian descent, and charges that defendant called him "a damned dirty low-down 'Cadian'—pronouncing it 'Cajan'—and a damned half-breed nigger."

Plaintiff and defendant had an altercation over a bill of $4.50 that plaintiff owed defendant, in the course of which they used uncomplimentary language. Plaintiff had sent a negro to pay defendant 50 cents on account, and the latter had declined to accept such a small amount. On the occasion of the quarrel, he demanded payment of the $4.50, and threatened to sue plaintiff. The latter referred to his previous offer to pay 50 cents on account, and defendant again condemned the offering of so small an amount, particularly through a negro messenger, intimating or saying that plaintiff had procured the negro to pay his debt. Plaintiff testified that defendant then called him "a damned dirty low-down 'Cajan,' and a damned half-breed nigger." The testimony was corroborated by that of two other witnesses, men who had no interest in the controversy. Defendant testified that plaintiff first called him a "damned Dago," and that, in retaliation, he called plaintiff a "damned Cajan." He denied that he had called plaintiff a nigger, or a half-breed nigger, and explained that he had merely referred to plaintiff's having sent a negro to pay a part of his bill. Defendant's testimony was corroborated by that of three witnesses, his wife, his mother-in-law, and the latter's aunt.

The district judge, who was in a better position than we are to judge of the veracity of the witnesses, concluded that there was not a preponderance of evidence in favor of plaintiff, and we have no reason to doubt the correctness of his judgment.

The judgment appealed from is affirmed, at appellant's cost.